IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW GONZALES,

    Petitioner,

v.                                                                                  No. CV 14-0241 KG/RHS

ROBERT STEWART,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases, on Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1). Applicant alleges a number of constitutional violations in his state court criminal case, *State v. Gonzales*, No. D-1116 CR-2011-98-6. The Court will dismiss the application.

Applicant previously filed a § 2254 application in *Gonzales v. Garcia*, No. CV 13-0616 LH/KBM, attacking the same state court conviction. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records). The Court dismissed the prior application with prejudice, and Applicant's appeal of the dismissal remains pending. The instant application challenges the same conviction and is therefore a second or successive application. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A second or successive application may not be prosecuted without authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Because only the Court of Appeals for the Tenth Circuit may grant Applicant the required authorization, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008), "the district court does not even have jurisdiction to deny the relief sought in the pleading," *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (§ 2255 proceeding).

"When a second or successive § 2254 or § 2255 claim is filed in the district court without

the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. The current application is Applicant's second and is not accompanied by an authorizing order. Applicant's claims are primarily restatements of those in his first application, and his appeal remains pending. Therefore, according to the factors in *Cline*, the Court will dismiss Applicant's application for lack of jurisdiction. The Court hereby notifies Applicant that filing further habeas corpus pleadings attacking the same conviction or sentence may result in imposition of filing restrictions.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, because Applicant has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Applicant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE